# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **DAMEION PULLUM,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) **Case No. 4:10cv0618 RWS/TCM** |
| | ) |
| **TROY STEELE and CHRIS KOSTER,**[1] | ) |
| **Attorney General of the State of Missouri,** | ) |
| | ) |
| **Respondents.** | ) |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Dameion Pullum (Petitioner), a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from a conviction after a guilty plea. See 28 U.S.C. § 2254. Respondents filed a response, along with exhibits consisting of materials from the relevant state court proceedings; and Petitioner filed a reply.

This matter is before the undersigned United States Magistrate for a review and a recommended disposition. See 28 U.S.C. § 636(b). Finding that Petitioner's first claim lacks merit and that the other two claims are procedurally defaulted, and concluding that Petitioner

---

[1] The record reveals that Petitioner was incarcerated at the Potosi Correctional Center (PCC) at the time this habeas action was filed and is still incarcerated there. Dave Dormire, the originally named Respondent, was the Warden of the PCC when Petitioner filed this action, but Troy Steele is now the PCC's Warden and will be substituted as the proper Respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner is serving consecutive terms of imprisonment as a result of the judgment he is now challenging. Because Petitioner is challenging a sentence he will serve in the future, it is necessary to name the Attorney General of Missouri, Chris Koster, as a respondent; therefore, the Court will add him as a named respondent. See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

failed to demonstrate either cause and prejudice or actual innocence so as to allow this Court to consider the merits of the two procedurally barred claims, the undersigned recommends dismissing the petition without further proceedings.

## **Background**

Petitioner was charged with acting with others in committing, on September 22, 2005, first-degree robbery in violation of Mo. Rev. Stat. § 569.020 for stealing money from K. W. (or "Victim") while using a dangerous instrument (Count I); first-degree assault in violation of Mo. Rev. Stat. § 565.050 for stabbing K. W. (Count III); forcible sodomy in violation of Mo. Rev. Stat. § 566.060 for knowingly engaging in deviate sexual intercourse with K. W., a woman, by use of forcible compulsion and while displaying a dangerous instrument (Count V); and three counts of armed criminal action, each related to one of the three offenses in Counts I, III, and V, in violation of Mo. Rev. Stat. § 571.015 (Counts II, IV, and VI). (Complaint, filed Sept. 24, 2005, Legal File, Resp'ts Ex. A, at 6-10; Indictment, filed Nov. 16, 2005, Legal File, Resp'ts Ex. A, at 11-15.)

On December 5, 2006, Petitioner pleaded guilty to all of the charges and the plea court sentenced him to a total term of imprisonment of thirty years, consisting of concurrent twenty-year-terms of imprisonment on each of the offenses in Counts I through IV, a concurrent ten-year-term of imprisonment for the armed criminal action offense in Count VI, and a consecutive ten-year-term of imprisonment for the forcible sodomy offense charged in Count V. (Tr. Guilty Plea, Legal File, Resp'ts Ex. A, at 16-22; Plea of Guilty form, Legal File, Resp'ts Ex. A, at 23-24; Sentence and J., Legal File, Resp'ts Ex. A, at 25-29.)

On March 6, 2007, Petitioner timely filed a pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035 ("post-conviction motion"). (Pet'r Post-Conviction Mot., Legal File, Resp'ts Ex. A, at 34-39.) Through counsel, and with leave of the motion court, Petitioner subsequently filed an amended post-conviction motion. (Pet'r Am. Post-Conviction Mot., Legal File, Resp'ts Ex. A, at 57-70; Order, filed Dec. 3, 2007, Legal File, Resp'ts Ex. A, at 71.) In his amended post-conviction motion, Petitioner argued his plea was not voluntary due to the ineffective assistance of his plea attorney in that the attorney failed to file a motion to suppress Petitioner's telephone records based on an unreasonable search and seizure, failed to investigate evidence in "the rape kit that would possibly have exonerated [Petitioner] of the forcible sodomy count by proving that the DNA obtained from the rape kit did not match his," and failed to file a motion to suppress Victim's identification of Petitioner based on discrepancies in her descriptions of the attackers as set forth in the police reports and her tenuous identification of Petitioner during the lineup. (Pet'r Am. Post-Conviction Mot., Legal File, Resp'ts Ex. A, at 58-59.) The motion court denied Petitioner's amended post-conviction motion without an evidentiary hearing. (Order, filed Jan. 14, 2008, Legal File, Resp'ts Ex. A, at 72; J., filed Apr. 22, 2008, Legal File, Resp'ts Ex. A, at 73-78.)

In the only point raised in his post-conviction appeal, Petitioner argued that the motion court clearly erred in denying his post-conviction motion without an evidentiary hearing in that his plea attorney provided ineffective assistance of counsel by failing to file a motion to suppress Victim's identification of Petitioner. (Pet'r Br., Resp'ts Ex. B, at 8, 9.) In relevant part, Petitioner cited to **Strickland v. Washington**, 466 U.S. 668 (1984), and **Hill v.**

**Lockhart**, 474 U.S. 52 (1985).  (Pet'r Br., Resp'ts Ex. B, at 3, 11.)

The Missouri Court of Appeals for the Eastern District affirmed the denial of Petitioner's post-conviction motion in a summary order, supplemented by a memorandum sent only to the parties setting forth the reasons for the decision.  (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated May 5, 2009,  Resp'ts Ex. D.)  Citing to Missouri case law that relied on **Strickland**, supra, and **Hill**, supra, see **Coates v. State**, 939 S.W.2d 912, 914 (Mo. 1997) (en banc), and finding that the record supported the motion court's denial of Petitioner's post-conviction motion without an evidentiary hearing, the state appellate court denied Petitioner's point on appeal.  (Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated May 5, 2009,  Resp'ts Ex. D.)  In relevant part, the state appellate court found that the State presented the following factual basis for the plea at the plea hearing:

> [ASSISTANT PROSECUTING ATTORNEY]: Your Honor, if this matter proceeded to trial, the State would call witnesses who would testify and would produce other evidence that on September 22nd, 2005, a woman whose initials are K. W. was employed at Imo's Pizza.  And that evening at about 11 p.m., she set out to deliver a pizza at an address at 432 Attucks in St. Louis County, Missouri.  When she arrived at that residence, and she knocked on the door of that residence, she was attacked by at least two individuals.

> She would testify that she was immediately stabbed in the lower back area . . . .  She was knocked to the ground, and both individuals demanded of her her money.  She directed them to her vehicle, which was parked at the curb.  And while one individual held her down, the other individual would go through the car searching for money.

> Ultimately, there was a quantity of cash and other monies stolen from both her personal possession and from the vehicle.  During the time they were searching for money, they demanded that she tell them where the money is, or

they would cut her throat.

K. W. would also testify that during this assault, an individual removed his penis from his pants. He first put his hand down her pants and rubbed her vagina, and then he removed his penis from his pants and forced her to suck on his penis.

After a few moments, the other individual indicated that there was a car coming, and the two men fled on foot.

The police would testify that a fingerprint belonging to Kenny Johnson was found on an Imo's check that was collected by [V]ictim earlier in a pizza delivery that evening. And Kenny Johnson would testify that he and [Petitioner] did, in fact, participate together in the robbery and attack on [V]ictim in this case. He was prepared at trial to testify that [Petitioner] called in an order for a pizza at the address on Attucks, and that [Petitioner] had a knife in his possession during that evening, and indicated to him that they were going to rob the pizza delivery person. And he would testify that he did participate in this robbery, and that they stole a quantity of cash from the possession of [V]ictim, as well as the vehicle which was the possession of Imo's Pizza.

\* \* \*

THE COURT: [Petitioner], did you hear the statement just made by the [Assistant] Prosecuting Attorney?

[PETITIONER]: Yes, ma'am.

THE COURT: Is the evidence that she just placed on the record substantially correct?

[PETITIONER]: Yes, ma'am.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated May 5, 2009, Resp'ts Ex. D, at 2-3.) The state appellate court continued by setting forth, in relevant part, the following information regarding Petitioner's case:

The [plea c]ourt went on to inquire whether [Petitioner] was satisfied

with his attorney's performance. During this questioning, [Petitioner] stated that his attorney had done everything he asked him to do and that he did not have any complaints about or criticisms of his attorney. [Petitioner] stated he believed he had been fully advised by his attorney as to all aspects of his case. The [plea] court accepted [Petitioner]'s plea of guilty, finding it was voluntarily and intelligently made. The [plea] court sentenced [Petitioner], pursuant to the plea agreement, to 30 years' imprisonment.

On March 6, 2007, [Petitioner] filed his Rule 24.035 motion. On December 3, 2007, court-appointed counsel filed an Amended Rule 24.035 motion alleging [Petitioner]'s guilty plea was involuntary in that plea counsel rendered ineffective assistance by failing to file a motion to suppress K. W.'s identification based on discrepancies in her description of her attackers, and her tenuous identification of [Petitioner] in the lineup. [Petitioner] argued counsel's failure to do so caused [Petitioner] to plead guilty against his will because had he known that the sole identification in his case could have been suppressed, [Petitioner] would never have pleaded guilty but instead would have insisted on taking the matter to trial.

On April 22, 2008, the motion court entered its Findings of Fact, Conclusions of Law, Order, Judgment and Decree of Court denying [Petitioner]'s Rule 24.035 motion without an evidentiary hearing, finding [Petitioner]'s claim was refuted by the record.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated May 5, 2009,

Resp'ts Ex. D, at 3-4.)

In discussing Petitioner's point on appeal, the Missouri Court of Appeals stated:

In his amended motion, [Petitioner] stated that K. W. described the assailants as several young, black males. K. W. stated one man was wearing a green shirt and dark jeans, and a second man had a thin build and was wearing dark colors. [Petitioner] asserted that, at the line up, K. W. stated she was only 50% certain that [Petitioner] was the man who sodomized her. [Petitioner] argues plea counsel should have filed a motion to suppress K. W.'s identification of [Petitioner] on that basis and that counsel was ineffective for failing to do so.

\* \* \*

[Petitioner] was not entitled to an evidentiary hearing because his amended motion fails to allege facts warranting relief. Identification testimony is admissible unless the pretrial identification procedures were unnecessarily suggestive and give rise to a substantial likelihood of irreparable misidentification. State v. Lanos, 14 S.W.3d 90, 95 (Mo. [Ct.] App. . . . 1999); State v. Berry, 168 S.W.3d 527, 532 (Mo. [Ct.] App. . . . 2005). Where the defendant fails to establish that the identification procedures were unduly suggestive, the factors affecting reliability go [to] the weight of the identification and not to its admissibility. Berry, 168 S.W.3d at 532.

[Petitioner]'s allegations that K. W.'s identification was uncertain only goes to the weight of evidence, not its admissibility. [Petitioner]'s motion does not set forth any allegations that the pretrial identification procedures were unnecessarily suggestive or that the procedures made K. W.'s identification unreliable. As such, the motion fails to set forth grounds on which a motion to suppress would have been successful.

In addition, the record shows that the State's evidence against [Petitioner] was not based solely on K. W.'s identification of [Petitioner]. At the plea hearing, the State indicated it would present evidence that the police found evidence linking [Petitioner]'s accomplice to the crime and that this man would testify as to [Petitioner]'s participation in the crime. [Petitioner] agreed with the facts as stated by the prosecution. [Petitioner]'s claim is also refuted by the record in that [Petitioner] stated at the plea hearing that he was satisfied with his attorney and that his attorney had done everything [Petitioner] asked him to do. Based on the foregoing, [Petitioner]'s Point on appeal is denied.

Conclusion

The judgment of the motion court is affirmed.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated May 5, 2009, Resp'ts Ex. D, at 5-6.) The state appellate court issued its mandate on May 27, 2009. (Mandate, dated May 27, 2009; Resp'ts Ex. E.)

Petitioner then filed his present federal habeas petition, in which he asserts three grounds for relief from his guilty plea based on his plea attorney's ineffective assistance: that

his attorney failed to file a motion to suppress Victim's identification of Petitioner (ground one); that his attorney failed to investigate the evidence in the "'rape kit' that would possibly have exonerated Petitioner of the forcible sodomy charge by proving that the DNA . . . did not match" Petitioner (ground two); and that his attorney failed to suppress his telephone records, which the police obtained through an unreasonable search and seizure (ground three).

Respondents argue that the Missouri Court of Appeals' rejection of Petitioner's first ground for relief was reasonable; and the other two grounds for relief are procedurally barred, and may not be considered on their merits, because, although they were presented in Petitioner's amended post-conviction motion, they were not pursued in Petitioner's post-conviction appeal.

The Court will address whether or not Petitioner's second and third grounds for relief are procedurally barred and then will discuss the merits of ground one and any other ground for relief that is not procedurally barred.

### Discussion

Procedural Bar.  In grounds two and three, Petitioner alleges that his plea attorney was ineffective in failing to investigate evidence in the "rape kit" and in failing to suppress his telephone records.  Respondents counter that those grounds for relief are procedurally barred, and may not be considered on their merits, because Petitioner failed to pursue those matters in his post-conviction appeal and has failed to establish cause and prejudice or actual innocence excusing that procedural default.

A state prisoner must fairly present each of his claims in each appropriate state court

before seeking federal habeas review of the claim. **Baldwin v. Reese**, 541 U.S. 27, 29 (2004). Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court, **Sawyer v. Whitley**, 505 U.S. 333, 338-39 (1992), including the merits of a claim procedurally defaulted due to a failure to include the claim in a post-conviction appeal. **Turnage v. Fabian**, 606 F.3d 933, 936, 940-42 (8th Cir. 2010) (not addressing the merits of a federal claim that had not been fairly presented in a brief to the state supreme court after the denial of post-conviction relief); **Storey v. Roper**, 603 F.3d 507, 523-24 (8th Cir. 2010) (not addressing the merits of a claim that the petitioner had failed to pursue on appeal from the denial of post-conviction relief).

Missouri requires the raising of constitutional claims at the first available opportunity. See **In re T. E.**, 35 S.W.3d 497, 504 (Mo. Ct. App. 2001); accord **In Re J. L. B.**, 280 S.W.3d 147, 159 (Mo. Ct. App. 2009); **In re J. M. N.**, 134 S.W.3d 58, 73 (Mo. Ct. App. 2004). After a guilty plea, Rule 24.035 provides the "exclusive procedure" for presentation to state court of "claims that [a] conviction or sentence imposed violates the . . . constitution of the United States, including claims of ineffective assistance of trial and appellate counsel." Rule 24.035(a).[2] A decision on a motion pursued under Rule 24.035 may be appealed, Rule

---

[2] An appeal from a guilty plea is not the proper time to present federal constitutional claims in state court as "[i]t is well settled that in a direct appeal from a guilty plea, th[e Missouri appellate] court's review is restricted to the subject-matter jurisdiction of the trial court or the sufficiency of the information or indictment." **State v. Goodues**, 277 S.W.3d 324, 326 (Mo. Ct. App. 2009); accord **State ex rel. Simmons v. White**, 866 S.W.2d 443, 446 n.4 (Mo. 1993) (en banc).

24.035(k), and successive motions may not be filed, Rule 24.035(l). Therefore, Petitioner was required to present to a lower and an appellate state court, in a post-conviction proceeding under Rule 24.035, any federal constitutional claim he had, including claims that his attorney provided ineffective assistance of counsel.

Petitioner presented his three grounds for federal habeas relief as three claims for relief in his amended post-conviction motion. Then, however, Petitioner pursued only one of those claims, the one Petitioner now presents as ground one in his federal habeas petition, in his post-conviction appeal. Under the circumstances, Petitioner has not complied with Missouri's requirements for the presentation of two of his federal habeas claims, grounds two and three, to the state courts and those two grounds are procedurally defaulted. See **Sweet v. Delo**, 125 F.3d 1144, 1150 (8th Cir. 1997) (finding one of the petitioner's claims was defaulted when the petitioner "failed to raise it in his post-conviction appeal").

To overcome the procedural default, Petitioner must show either cause and prejudice for his failure properly to pursue his federal constitutional claims in state court or his actual innocence. **Storey**, 603 F.3d at 523-24 (citing Coleman v. Thompson, 501 U.S. 722, 748, 750 (1991) and Schlup v. Delo, 513 U.S. 298, 324-327 (1995)). "Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." **Skillicorn v. Luebbers**, 475 F.3d 965, 976-77 (8th Cir. 2007).

"Cause for a procedural default exists where 'something *external* to the petitioner,

something that cannot fairly be attributed to him[,] .. . 'impeded [his] efforts to comply with the State's procedural rule.'" **Maples v. Thomas**, 132 S. Ct. 912, 922 (2012) (alterations in original) (quoting Coleman, 501 U.S. at 753). There is no exhaustive catalog of the objective impediments "and the precise contours of the cause requirement have not been clearly defined." **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). Notably, a failure to raise a claim "despite recognizing it, does not constitute cause for a procedural default." **Murray v. Carrier**, 477 U.S. 478, 486 (1986); **Murphy v. King**, 652 F.3d 845, 850 (8th Cir. 2011), cert. denied, 132 S. Ct. 1596 (2012).

Petitioner contends his post-conviction attorney's failure to present the two claims in his post-conviction appeal constitutes cause. In **Coleman**, supra, the United States Supreme Court ruled that the ineffective assistance of post-conviction counsel cannot constitute cause for a procedural default because there is no constitutional right to an attorney in state post-conviction proceedings. **Coleman**, 501 U.S. at 752-55. More recently, the Supreme Court found that, under very limited circumstances, the conduct of post-conviction counsel may constitute "cause" for a procedural default. See **Maples**, supra; **Martinez v. Ryan**, 132 S. Ct. 1309 (2012). Under the circumstances, the fact that Petitioner's counsel failed to present the claims in the post-conviction appeal does not constitute cause for the procedural default of those claims under either **Maples** or **Martinez**.

In **Maples**, the abandonment of a petitioner by his post-conviction counsel, without notice to the petitioner, and resulting in the petitioner's failure to file a timely appeal in the post-conviction proceeding, constituted cause for that failure. **Maples**, 132 S. Ct. at 922-24.

There is no indication of record here that Petitioner's post-conviction counsel engaged in conduct that may be considered as the abandonment of Petitioner. To the contrary, Petitioner's post-conviction counsel filed, with leave of court, an amended post-conviction motion setting forth the three claims Petitioner is now pursuing in this federal habeas action and subsequently represented Petitioner in his post-conviction appeal, which representation included the filing of a brief on behalf of Petitioner.

Petitioner argues that his attorney "abandoned the issue[s]" in the two defaulted claims by not presenting them in his post-conviction appeal. Any abandonment by an attorney of issues in a petitioner's appeal does not, however, equate to abandonment of the petitioner by the attorney under **Maples** where, as here, the attorney pursues the appeal and files a brief setting forth argument and authority in support of relief on appeal. Therefore, **Maples** does not support a finding of "cause" under the circumstances of this case.

**Martinez** also does not support a finding of "cause" here. In that case, the Supreme Court fashioned a narrow exception to **Coleman**, supra, concluding that the "[i]nadequate assistance of counsel [or the absence of counsel] at initial-review collateral proceedings . . . establish[es] cause for a prisoner's procedural default of a claim of ineffective assistance" of a trial attorney when, as in Missouri, the ineffective assistance of counsel claim must first be raised at that initial-review collateral proceeding. **Martinez**, 132 S. Ct. at 1315, 1318-20. The Supreme Court specifically stated, however, that its holding

> does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings. . . . It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a

prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

**Id.** at 1320 (emphasis added).

Therefore, any error by Petitioner's attorney in the post-conviction appeal proceeding may not constitute cause to excuse a procedural default of a claim regarding the ineffective assistance of Petitioner's plea attorney. See **Arnold v. Dormire**, 675 F.3d 1082, 1087 (8th Cir. 2012) ("Martinez offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause").

Because no cause has been established for Petitioner's procedural default, it is unnecessary to consider whether he has demonstrated prejudice. **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996) (en banc).

The merits of Petitioner's two defaulted claims may be reached, despite the absence of a showing of cause and prejudice for his procedural default, if he establishes that a failure to consider their merits will result in a fundamental miscarriage of justice. "Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice." **Cox v. Burger**, 398 F.3d 1025, 1031 (8th Cir. 2005). A showing of actual innocence requires new evidence and a "show[ing] that 'it is more likely than not that no reasonable juror would have convicted him in light of th[at] new evidence.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup, 513 U.S. at 327); accord **House v. Bell**, 547 U.S. 518, 536-39 (2006) (Schlup standard applies to determine whether defaulted claims in a first federal habeas petition should be considered based on actual innocence). "'Without any new evidence of

innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316).

Petitioner has not submitted any new evidence of his actual innocence, nor does he allege that such evidence exists. Moreover, the facts to which Petitioner pleaded guilty clearly indicate that, at the relevant time and place, Petitioner knowingly participated with another in the robbery, assault, and sodomy of K. W. through the use of a knife and threats to K. W.'s life. To the extent Petitioner suggests that evidence in the rape kit may establish any DNA did not belong to Petitioner, there is no indication of record that DNA is part of the rape kit or that any DNA in the rape kit is from someone other than Victim or that any DNA in the rape kit belongs to someone other than Victim and Petitioner. Without more, Petitioner has not presented new evidence of Petitioner's actual innocence of the sodomy charge. Additionally, Petitioner does not point to any new evidence of his actual innocence with respect to any of the other five offenses.

Under the circumstances, the record does not support a determination that Petitioner's actual innocence necessitates consideration of the merits of Petitioner's two procedurally defaulted claims.

Therefore, grounds two and three in Petitioner's habeas petition should be dismissed as procedurally barred.

Merits of Ineffective Assistance of Counsel Claim in Ground One. In ground one,

Petitioner urges his plea attorney was ineffective in failing to file a motion to suppress Victim's identification of Petitioner. Respondent argues that the Missouri Court of Appeals reasonably applied **Strickland**, supra, and **Hill**, supra, in affirming the motion court's judgment.

Standard of Review. Title 28 U.S.C. § 2254(d) mandates that a federal court grant habeas relief on a claim that was adjudicated on its merits by the State courts *only* "when the state court's decision [is] contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court [of the United States], or the [state court] decision [is ]based on an unreasonable determination of the facts in light of the evidence presented in the state court." **de la Garza v. Fabian**, 574 F.3d 998, 1001 (8th Cir. 2009); accord **Christenson v. Ault**, 598 F.3d 990, 994 (8th Cir. 2010).

> A state court decision is contrary to clearly established federal law if it reaches a conclusion opposite to one reached by the [United States] Supreme Court on a question of law or decides the case differently than the [United States] Supreme Court has decided a case with a materially indistinguishable set of facts.

**de la Garza**, 574 F.3d at 1001; accord **Losh v. Fabian**, 592 F.3d 820, 823 (8th Cir. 2010) (quoting Williams v. Taylor, 529 U.S. 362, 412-13 (2000)). "A state court decision involves an unreasonable application of clearly established federal law if, in the federal court's independent judgment, the relevant state court decision not only applied clearly established federal law incorrectly, but also did so unreasonably." **de la Garza**, 574 F.3d at 1001. "The unreasonable application inquiry is an objective one." **Id.**; see **Losh**, 592 F.3d at 823 (under the unreasonable application clause of § 2254, a habeas petition may be granted "only if the

state court applied the correct governing legal principle in an objectively unreasonabl[e] manner" (citing Williams, 529 U.S. at 409, 413)).

In reviewing state court proceedings to ascertain whether they are contrary to or involve an unreasonable application of clearly established federal law, this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." **Cullen v. Pinholster**, 131 S. Ct. 1388, 1398 (2011). Additionally, this Court's review is limited to consideration of the United States Supreme Court precedents at the time the state court issues its decision on the merits. **Greene v. Fisher**, 132 S. Ct. 38 (2011) (relying on Cullen, supra); accord **Losh**, 592 F.3d at 823 ("[o]nly rulings in [United States] Supreme Court decisions issued before the state court acts are considered clearly established federal law, for a state court does not act contrary to or unreasonably apply clearly established federal law if there is no controlling [United States] Supreme Court holding on the point" (citations omitted)). The state court does not need to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).

Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" **Harrington v. Richter**, 131 S. Ct. 770, 785 (2011); accord **Brown v. Luebbers**, 371 F.3d 458, 462 (8th Cir. 2004) (en banc) ("[T]he 'summary nature' of the [state court's] discussion of [a] federal constitutional question does not preclude application of [§ 2254's] standard"). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court

adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." **Harrington**, 131 S. Ct. at 784-85; accord **Johnson v. Williams**, 133 S. Ct. 1088, 1094 (2013) (Harrington presumption applies "when a state-court opinion addresses some but not all of a [petitioner]'s claims"). This presumption may "in some limited circumstances be rebutted." **Johnson**, 133 S. Ct. at 1096. When a state court issues a summary ruling, the petitioner can only satisfy the "unreasonable application" prong of habeas review by showing there is no reasonable basis for the state court decision, which the habeas court assesses by determining what arguments or theories could have supported the state court decision and whether fairminded jurists could disagree that those arguments or theories are inconsistent with a prior decision of the United States Supreme Court. **Cullen**, 131 S. Ct. at 1402 (quoting Harrington, 131 at 784, 786).

Additionally, in a federal habeas action pursued by a state prisoner, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, **Smulls v. Roper**, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, **Odem v. Hopkins**, 382 F.3d 846, 849 (8th Cir. 2004). Moreover, the presumption of correctness of findings of fact applies to the factual determinations made by a state court at either the trial or appellate levels. **Smulls**, 535 F.3d at 864-65.

An accused's Sixth Amendment right to the assistance of counsel is a right to the

effective assistance of counsel.  **Marcrum v. Luebbers**, 509 F.3d 489, 502 (8th Cir. 2007) (citing Kimmelman v. Morrison, 477 U.S. 365, 377 (1986)).  In **Strickland**, supra, the Supreme Court established a two-part test for determining whether or not an attorney provided effective assistance of counsel.  The petitioner must establish both deficient performance, i.e., that "counsel's representation fell below an objective standard of reasonableness," and prejudice, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  **Strickland**, 466 U.S. at 687-88, 694.  This same two-part standard "applies to challenges to guilty pleas based on [the] ineffective assistance of counsel."  **Hill**, 474 U.S. 57-59; **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001).

For the performance prong of an ineffective assistance of counsel claim,"[o]nly reasonable competence, the sort expected of the 'ordinary fallible lawyer,' is demanded by the Sixth Amendment."  **White v. Helling**, 194 F.3d 937, 941 (8th Cir. 1999) (quoting Nolan v. Armontrout, 973 F.2d 615, 618 (8th Cir. 1992)).  The court is highly deferential in analyzing counsel's conduct and "'indulg[es] a strong presumption that counsel's conduct falls within the wide range of professional judgment.'"  **Armstrong v. Kemna**, 534 F.3d 857, 863 (8th Cir. 2008) (quoting Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006)); accord **Nguyen v. United States**, 114 F.3d 699, 704 (8th Cir. 1997) (addressing a claim that counsel provided ineffective assistance with respect to a guilty plea and stating that "[i]n determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" (quoting

Strickland, 466 U.S. at 689)).

When a petitioner has pleaded guilty,

[t]he second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

**Hill**, 474 U.S. at 59; accord **Premo v. Moore**, 131 S. Ct. 733, 743 (2011) (to prevail on the prejudice element of an ineffective assistance of counsel claim related to a guilty plea, the petitioner had to demonstrate "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' Hill," 474 U.S. at 59). The assessment of prejudice resulting from an attorney's allegedly deficient performance pertaining to a guilty plea, depends "in large part on a prediction whether" plea negotiations or a trial would have turned out differently. Cf. **Hill**, 474 U.S. at 59. Such a prediction must "be made objectively." **Id.** at 60. Importantly, where, as here, the state court considers the merits of the prejudice element, a federal habeas court must "give substantial deference to the state court's predictive judgment." **Williams v. Roper**, 695 F.3d 825, 831 (8th Cir. 2012). If the state court's decision is not "contrary to" clearly established law, then the standard of "unreasonableness," applies and is "meant to be difficult to meet . .. 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" **Id.** (quoting Harrington, 131 S. Ct. at 785.)

The question of prejudice from counsel's performance need not be reached if the

performance was not deficient. See **Parkus v. Bowersox**, 157 F.3d 1136, 1140 (8th Cir. 1998). Conversely, the question of counsel's allegedly deficient performance need not be reached if a petitioner has failed to show prejudice. See **Strickland**, 466 U.S. at 697; **Williams v. Locke**, 403 F.3d 1022, 1025 (8th Cir. 2005).

A petitioner has a heavy burden to overcome admissions the petitioner made at a plea hearing. A "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" **Nguyen**, 114 F.3d at 703 (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)); **Bramlett v. Lockhart**, 876 F.2d 644, 648 (8th Cir. 1989) (quoting Voytik, 778 F.2d at 1308); see also **Blackledge v. Allison**, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity" and representations of the defendant at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings").

Here, Petitioner has not satisfied his burden to show the unreasonableness of the Missouri Court of Appeals' determination that he had not established the prejudice prong for his ineffective assistance of counsel claim, especially in view of the State's report of the evidence and Petitioner's statements during the plea proceeding. The state appellate court found that Victim's identification was not the sole basis of the identification of Petitioner as one of the perpetrators of the crime. The record supports these conclusions. The State reported it was going to present "evidence linking [Petitioner]'s accomplice to the crime" and that man was going to testify about the extent of Petitioner's participation in the crimes. Petitioner clearly acknowledged the accuracy of the evidence and facts supporting the plea as

reported by the State. Petitioner has not presented any evidence or argument to suggest his accomplice would not have testified as indicated by the prosecution and found by the Missouri Court of Appeals. Nor has Petitioner provided any indication that, in view of the accomplice's identification of Petitioner as a participant in each of the charged offenses, Petitioner would have chosen to go to trial, rather than plead guilty, if Victim's identification had been suppressed. See, e.g., **Long v. Armontrout**, 938 F.2d 106, 107 (8th Cir. 1991) (per curiam) (finding no prejudice for an ineffective assistance of counsel claim arising out of a guilty plea where, in relevant part, a co-defendant was "willing to identify [the petitioner] as the perpetrator"); **Hale v. Lockhart**, 903 F.2d 545, 550 (8th Cir. 1990) (assuming, but not deciding, that the petitioner's confession would be inadmissible at trial as evidence of guilt; noting that the prejudice prong of the petitioner's ineffective assistance counsel claim required consideration of "whether the plea negotiations would have been different if [the petitioner]'s counsel moved to suppress this evidence"; and concluding that, even if the confession was excluded at trial, there "was sufficient damning evidence . . . for [the petitioner]'s counsel to advise [the petitioner] to enter a plea of guilty").

Additionally, during the plea proceeding, as the Missouri Court of Appeals found, Petitioner, without qualification, indicated that he was satisfied with his attorney's performance and did not have any complaints about or criticisms of his attorney; acknowledged that his attorney had done everything Petitioner had asked him to do; and reported his belief that his attorney had fully advised him as to all aspects of his case. Such statements "carry a strong presumption of verity," which Petitioner has not satisfactorily

challenged.

Because Petitioner is unable to establish prejudice sufficient for his ineffective assistance of counsel claim in ground one, this Court will not address the deficient performance aspect of that claim.

Under the circumstances, the state appellate court's decision is not contrary to or an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in state court. Ground one should be denied as without merit.

### Conclusion

After careful consideration, the undersigned recommends that Petitioner's federal habeas petition be dismissed because ground one lacks merit and grounds two and three are procedurally barred. Accordingly,

**IT IS HEREBY ORDERED** that Troy Steele is **SUBSTITUTED** for Dave Dormire as a named Respondent.

**IT IS FURTHER ORDERED** that Chris Koster is **ADDED** as a Respondent.

**IT IS FINALLY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Dameion Pullum be **DISMISSED** without further proceedings.

The parties are advised that they have **fourteen days** to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of April, 2013.