UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMEION PULLUM, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:10 CV 618  RWS |
| TROY STEELE and CHRIS KOSTER, | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

Petitioner Dameion Pullum filed a petition for a writ of habeas corpus.  On April 29, 2013, United States Magistrate Judge Thomas C. Mummert, III filed his Report and Recommendation (Report) that Pullum's habeas petition should be denied.  Objections to Judge Mummert's Report were due to be filed by May 13, 2013.  On June 6, 2013, I noted that Pullum had not filed any objection to the Report and issued an order and judgment adopting Judge Mummert's Report.

On July 1, 2013, Pullum filed a motion seeking to set aside the judgment under Fed. R. Civ. P. 60(b)(1) on the grounds of excusable neglect.  Pullum asserted that he never received a copy of Judge Mummert's Report and that the only notice he received that the Report had been filed is when he received my judgment.  Pullum asked that the judgment be set aside under Rule 60(b)(1) to allow him to file objections to Judge Mummert's report.  I granted Pullum's motion and he filed his objections on July 25, 2013.

*Background*

In the criminal case underlying this habeas petition, Pullum pleaded guilty to stabbing a

woman; stealing money from her while using a dangerous instrument (the knife); forcible sodomy by use of forcible compulsion and while displaying a dangerous instrument; and three counts of armed criminal action related to each of these offenses. Pullum received a thirty-year sentence of imprisonment.

The facts Pullum admitted to at his guilty plea were that he stabbed a pizza delivery woman, she was knocked to ground and was held down while Pullum and his accomplice stole money from her and from her vehicle. During the robbery, Pullum kept the woman on the ground and made her suck his penis under the threat of a knife. After a few moments Pullum's accomplice indicated that a car was coming and Pullum and his accomplice fled.[1]

Pullum raised three grounds for relief from his guilty plea in his habeas petition based on his attorney's ineffective assistance: (1) that his attorney failed to file a motion to suppress the victim's identification of Pullum; (2) that his attorney failed to investigate the evidence the "rape kit" which may have provided DNA evidence which could exonerate Pullum; (3) and that his attorney failed to suppress Pullum's cellphone records, which the police allegedly obtained through an unreasonable search and seizure.

In his Report which recommended that Pullum's habeas petition should be denied, Judge Mummert found that Pullum procedurally defaulted his claim for relief in grounds two and three for failing to raise them in his post-conviction appeal in state court. Judge Mummert also addressed ground one the merits and found that it did not establish a basis for habeas relief.

Pullum objects to Judge Mummert's Report and Recommendation. He asserts that he has

---

[1] The background facts and procedural history of Pullum's underlying criminal case are fully set out in Judge Mummert's Report and Recommendation. [Doc. # 11]

presented sufficient "actual innocence" evidence to overcome his procedural default of grounds two and three. He also objects to Judge Mummert's analysis of Pullum's first ground for relief on the merits.

*Legal Standard*

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254 (d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

When a defendant pleads guilty and then later alleges that the plea was not made voluntarily, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). If a defendant challenges a magistrate judge's report and recommendation for the disposition of a habeas petition, a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

*Analysis*

I have conducted a de novo review of Pullum's petition for habeas relief. I find that his claims under grounds two and three are procedurally barred because he failed to raise these

-3-

claims in his appeal of his post-conviction proceeding. Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997). In an effort to overcome this procedural bar, Pullum asserts that he is actually innocent of the crimes to which he pleaded guilty. Skillicorn v. Luebbers, 475 F.3d 965, 976 -977 (8th Cir. 2007)(procedurally defaulted claims may be reviewed on the merits if the habeas petitioner shows cause and prejudice or that he is actually innocent of the charges). A showing of actual innocence requires new evidence and a "show[ing] that it is more likely than not that no reasonable juror would have convicted [the accused] in light of the new evidence." Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005)(internal quotation omitted).

In support of his claim that he is actually innocent, Pullum has filed a copy of a St. Louis County Police Department crime laboratory report dated January 10, 2006. The report states that no semen was found on test swabs taken from the victim of the sexual assault.[2] That fact fails to presumptively prove that the assault did not take place. Nor does it rebut the evidence that Pullum stabbed and robbed the victim of this crime and threatened her with a knife. The laboratory report does not support a showing that it is more likely than not that no reasonable juror would have convicted Pullum if the crime lab report had been presented to a jury. I find that this evidence fails to establish Pullum's actual innocence of the crimes he admitted that he committed at his guilty plea. As a result, Pullum has not overcome the procedural bar to a review of his second and third grounds for habeas relief.

Moreover, a review of Pullum's first ground for relief on the merits shows that he is not entitled to relief. The evidence recited at the plea hearing indicated that the victim identified

---

[2] This copy of the report is not an official or certified copy. Nor is this report "new evidence." It was available to be filed in Pullum's post-conviction petition and appeal but Pullum did not file it in those proceedings.

Pullum as her attacker. Pullum's accomplice was going to testify to Pullum's participation in the crimes to which he pleaded guilty including the fact that Pullum used his cellphone to order a pizza in order to lure the pizza delivery victim to the scene of the crime. In his first ground for relief Pullum asserts that his counsel was ineffective for failing to pursue a motion to suppress the victim's identification of Pullum. However, Pullum's reason to question the victim's testimony is based on the reliability of her identification. The victim was only 50% certain at a line-up that Pullum was her attacker. In ruling on Pullum's post-conviction appeal, the Missouri Court of Appeals found that Pullum's counsel was not constitutionally ineffective for failing to pursue a motion suppress the victim's identification. The Court of Appeals held that a motion to suppress this evidence would have been denied because it went to the weight of the testimony, not to its admissibility. This decision is not contrary to or an unreasonable application of federal law, nor was it an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. As a result, Pullum's claim for relief in ground one of his petition is denied.

Pullum's second grounds for relief also fails on the merits. He asserts that his attorney failed to investigate the "rape kit" which may have led to DNA information which may have exonerated Pullum. However, Pullum never provided a copy of the crime lab report to the state court in his post-conviction motion. He merely asserted that scientific testing of the "rape kit" may show that he did not commit the crime. The post-conviction court found this claim to be speculative. Such finding is not contrary to or an unreasonable application of federal law. Moreover, the crime lab report Pullum filed on July 25, 2013, with his objection to Judge Mummert's Report did not provide any DNA information which would exonerate Pullum. It

merely stated that no semen was found in swab samples taken from the victim.  The evidence against Pullum was the victim's identification of Pullum as her assailant and Pullum's accomplice's testimony.  In light of this evidence, it is unlikely that Pullum would have not pleaded guilty and gone to trial if his counsel had investigated the "rape kit" and found that it did not contain evidence which would exonerate Pullum.

Pullum's third ground for relief also fails on the merits.  Pullum asserts that the police obtained the cellular phone number used to order the pizza which led to the assault.  Pullum alleges that the police improperly contacted a cellular phone company and found that the cellphone number belonged to Pullum.  Pullum had no reasonable expectation of privacy in the link between his name and the cellphone number.  Moreover, the evidence cited in support of his guilty plea did not mention the cellphone connection obtained by the police.  Pullum guilty plea was based on the evidence offered by the victim and his accomplice who would testify that Pullum used his cellphone to call in the pizza order.  As a result, Pullum's counsel was not ineffective for failing to file a motion to suppress the cellphone information.  Such a motion would have been denied.  In the face of the evidence presented at his guilty plea, Pullum has not established that he would not have pleaded guilty if his attorney had filed a motion to suppress the police's investigation which confirmed the cellphone number used to order the pizza belonged to Pullum.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Mummert's Report and Recommendation filed on April 29, 2013 is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Dameion Pullum's Petition for Writ of

Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of September, 2013.